I respectfully dissent that the plain error doctrine controls the decision. When the parol evidence rule is violated, the evidence that violated the rule should be stricken. Once the evidence is excluded, there is no evidence to support appellee's position that $8,000 of the purchase price was for past due rent. The purchase agreement controls.
The clear and unambiguous wording of the purchase agreement states the price paid for the subject property was $52,000. There is no mention of consideration for back rent. When language is clear and unambiguous, courts are precluded from rewriting the agreement. Words must be given their plain and ordinary meaning. Andrade v. Credit General InsuranceCo. (November 20, 2000), Stark App. 2000CA00002.
Further, the actual purchasers were the Yoders and there is no evidence the Yoders assumed any of the responsibility for back rent. I would conclude the fiduciary failed to establish he collected $8,000 of the rent and his disbursement should be diminished by said amount. I would sustain Assignment of Error I and instruct the trial court to further review the fiduciary's fee to reflect a failure to collect the $8,000 in rent.